Good morning, Your Honors. May it please the Court, Tracy Crowley on behalf of Petitioner Johan Soto Cedeno. Reasonable fear proceedings require a low standard of proof. This process was only meant to screen for frivolous fear claims, and so the burden of proof is reasonable possibility of persecution or torture, which has been held to be akin to a 1 in 10 chance. Petitioner met this low standard of proof, and we're asking the Court to reverse the immigration judge's decision and vacate the asylum officer's finding of no reasonable fear of persecution and torture. But prior to discussing my client's fear of return to Venezuela, I would like to talk about the denial of the statutory right to counsel. Reasonable fear respondents are entitled to counsel at no expense to the government. The waiver of that right on the record. Petitioner So can I ask you, as I looked at that question, one of the issues I had was exhaustion. It's a little bit complicated in this context because as you point out, this is a truncated proceeding. As I understand it, correct me if I have the facts wrong, but there was an initial hearing where the IJ said you have a right to counsel, you know, go figure out if you want it, explain that. Then they had a new hearing, was it what, three days later or four days later? Three days later. Three days later. And he said, you remember our conversation about a right to counsel. Are you ready to proceed? And your client said yes. Your client never said, hey, I was denied a right to counsel or I have a right to counsel, I want it. And usually we require exhaustion so that the agency can correct the error, but there was never a suggestion that the IJ might have erred. So what, why, and I couldn't really find any case law, at least in this context of this truncated proceeding. I mean, normally you could go back to the BIA and raise your issue and exhaust it, but here you can't. So what, how do we, how do we grapple with that exhaustion question here? I would point the court to Zuniga v. Barr, which had a similar colloquy between the court and petitioner. But that was before the BIA, right? No, that was before this. And it was on a truncated, it was before the IJ on a truncated proceeding? Correct. A reasonable fear proceeding being reviewed. In that case, the immigration judge advised the petitioner of his right to counsel, did not specifically inquire whether the petitioner in that case wanted to exercise that right or not, and then just proceeded with the case. And it's similar here where the immigration judge mentions the prior continuance to consult with an attorney, and then says, are you ready to proceed? There is no specific inquiry as to whether petitioner wanted to proceed pro se. And that's... So there's no dispute that he was advised of his statutory right to have an attorney assist him in these proceedings. Everybody agrees with that? I agree he was properly advised that his... The question here is whether or not they obtained a proper waiver. Correct. Right? And so it makes little sense to say that that needs to be exhausted when it was the court's obligation to ask, okay, now you understand that by proceeding today or moving forward, I think he used the word moving on. If we move on today, you're giving up your right to have counsel. Precisely. This court has held since Tawadros v. Ashcroft in 2004 that the burden is on the immigration judge. Well, to get... I agree with you, the burden... Tawadros, if I have the case name right, says that the burden's on the immigration judge to get the voluntary waiver. That's true. But we're dealing with an exhaustion issue. And I guess I'm wondering, can we rule in your client's favor without reading the exhaustion rule out of existence? Maybe we should, but I don't know that we've ever done that. And as I read the regulation, it says, you have to exhaust in any... Where you have an opportunity to do so as of right. And the question is, how do we interpret as of right? Because, I mean, your argument is, well, she never had the opportunity. And I take that, but the only hearing as of right that your client had, because this was a truncated proceeding, was before the IJA. So I'm wondering whether the obligation wasn't on... for exhaustion purposes, wasn't on your client to at least indicate, no, you told me I needed an attorney. I need to take another look at it. Right. This court has never held that the burden is on the petitioner to... No, for exhaustion, we clearly have. But Zuniga v. Barr, there was just an inadequate inquiry by the Immigration Court. No objection, no request for a continuance, and that was held to be a denial of counsel. It strikes me as kind of odd based on my experience of taking waivers for us to say... It'd be odd for us to say, hey, Mr. Petitioner here, or Mr. Non-Citizen, hey, you need to tell the judge that he needs to take... he needs to ask me whether or not I'm waiving my right... my opportunity to have an attorney represent me. That strikes me as a little bit odd. Right. It flies in the face of reason to require a pro se petitioner to affirmatively object in the face of the immigration judge doing an improper inquiry. Well, but we require pro se immigrants to exhaust all the time. When they have the right to appeal to the BIA, when they have subsequent hearings in front of the same immigration judge. I understand that. That's why I'm asking, are you... I mean, you seem... the only way it seems to rule for you, to be to rule for you, is to read the exhaustion requirement out. I don't think the court has to go that far. I think this is the first instance review. Well, he clearly didn't exhaust. He clearly didn't exhaust. So we either have to say, you didn't need to exhaust. Maybe we should, but I'm not sure what... I mean, that seems to be carving new ground to say you don't need to exhaust. I understand the reasons why we might want to. If the court sees the only path forward as reading out an exhaustion requirement, in terms of giving a knowing involuntary waiver, then that should be the course that the court takes today. Because otherwise, it renders meaningless all these decades of case law. Can I ask you real quick on the government involvement? I think your strongest argument here is that the IJ might have misstated the legal standard. Because the IJ said, well, there was no participation... make sure I have that right... involvement. There was no government involvement. Right. And, you know, it's clear that our cases say, I mean, the standard itself is acquiescence or involvement. But what I'm wondering is, can't involvement be read broadly to include acquiescence? I mean, is this an error? Is this a technical legal error that doesn't really have any import? No, Your Honor, because the case law is clear that the government officials don't even have to have direct knowledge of the torturous activity. They just have to have general awareness that this activity occurs and then breach their legal responsibility. No, I don't think that's correct. 8 CFR section 208.1887, A7 says acquiescence requires that a public official prior to the activity constituting torture have awareness of such activity. Awareness of such activity, but they don't need to have direct knowledge of the activity affecting petitioner. I guess that's my question is, isn't awareness ultimately... I mean, this is confusing because we've got cases, even our court, sometimes we say acquiescence is different than involvement, and other times we're not as careful, even on our court. We have plenty of cases where we just look at involvement, and I'm wondering why we're exacting a higher standard. I get that it might be technically incorrect, but I just wonder if it's a difference that matters at the end of the day. It matters because petitioner alleged acquiescence. He reported... I agree. And so you think we need to send it back so that the IJ can say, okay, there's no... Not only was there no involvement, but there was no acquiescence. Correct. Okay. And I was hoping there was... Don't worry. We took you over. Okay. And I don't mean to cut off either of my colleagues' questions, but we'll give you time for rebuttal. Okay. Thank you. May it please the court. My name is Jacqueline Shea for the Attorney General of the United States. This is a reinstatement case. Petitioner was removed and illegally reentered a month later. His prior movable order was reinstated, and he was placed in regional field for screening procedures. As this court has recognized, these proceedings are to be efficient, expedited, and they were not intended to be full evidentiary hearings. The process was meant to quickly identify and resolve for liverless claims to protection without duly disrupting the streamlined removal process. Okay. So I agree with you, and that makes this a little different. But there's still a right to counsel even in these proceedings, right? Yes, Your Honor. And there's still a need to get a clear and voluntary waiver, correct? I disagree, Your Honor, respectfully. In Orozco v. Lopez, that was the case at issue where it was a reasonable reinstatement case. And the court made clear in that case that noncitizens are entitled to counsel at no expense to the government. However, the court cabined that right as only being notified of the right to counsel and to be given the opportunity to obtain counsel, which here the petitioner clearly knew his right to counsel. He received written and oral notice advising him of his right to counsel, and he had an opportunity here to consult counsel. Petitioner was informed on two separate occasions, at least two separate occasions. He was provided the notice of referral, and it was read to him in his native language of Spanish, and that had the clear advisal there. Okay. So we've got the first issue, which is, and I'll need to look at it. What's the case citation on that one? I'm not sure I've looked at it. Orozco v. Lopez, Your Honor. And do you have the, we can look it up, but was it cited in your brief? That case was cited in our brief, yes, Your Honor. And the fact that it's cabined within the 10-day requirement to complete this hearing, actually in that case it was. Let's assume that that's, so that would be one way you win is by saying, okay, we've held that you only have a right to notice. There's no voluntary. And an opportunity to obtain counsel. So if, so let's assume that it is, that we find there is a requirement for a voluntary and actual waiver. Actually, yes, Your Honor. Has that been complied with here under TADRAS? Yes, Your Honor, and I think there is obviously an argument here that there was a clear waiver from the record. Your exhaustion argument, again, that you raised previously, that would be another way to go at it. Okay, but help me with the exhaustion requirement. Yes, Your Honor. Because, I mean, Judge Pius raises a good point, which is what's the point of having an exhaustion requirement here if he doesn't have another opportunity before the BIA? I mean, I don't know how exhaustion applies here. Well, Your Honor, here, you know, he never indicated, he had two separate hearings before the IJ in this case. He never indicated that he wanted to have an attorney present with him. He only said that he wanted to consult counsel. And he never complained at the second, you know, occasion when the same immigration judge before him asked him if he was ready to continue. And he said he was clearly, I mean, it's unequivocal, yes, he wanted to proceed. You don't think the immigration judge had any obligation whatsoever to say, hey, do you understand by going forward, you're giving up any opportunity to have an attorney? No, Your Honor. Because, again, going back to Orozco v. Lopez, the only requirement is the notice of the right to counsel and the given the opportunity to counsel. The statutory right comes from the regulation, right, or the right, it comes from a regulation. Is that right? Well, the statutory right. Let me ask you this. The right to have counsel in one of these proceedings, reasonable fear determination proceedings, the source of that right is grounded where? Zunka, Your Honor. That decision of this Court is what, that was a reasonable fear case. That was not a reinstatement case. Reinstatement case here is slightly different. So the case on point for here would be Orozco v. Lopez. There's reinstatement, and then if you raise a question about reasonable fear, no? No, they're different, sir. No, Your Honor. Reasonable fear proceedings in general are kind of like all types of proceedings, and there's a specific separate reinstatement case. If they're like all types of proceedings, as you just said, they must come from the same source. That is the right to counsel. The right to counsel. It's a statutory right, right? The right to counsel is, it comes from, no, this Court actually found that CFR 8, CFR 2831, temporary limitations, which is the regulatory requirement of the 10-day requirement for the hearing to be conductive, that it was cabined by that right. But this Court in Zunka is the one, that was a reasonable fear case, Your Honor. And just to be clear, a reinstatement case is a specific type of reasonable fear case. They're different. Because a restatement case like this, he already reentered. You know, he already had his previous proceedings and had his second. Yes, Your Honor. And I think the exhaustion argument that counsel had said that there's no exhaustion or relied on Zunka, that case. And that case, again, the knowing involuntary, I mean, I'm sorry, she relied on that case, Your Honor, for a knowing voluntary waiver. And the case, the present case is distinguishable from Zunka because, again, that was not a reinstatement case. And actually the issue of a knowing involuntary waiver didn't even come up because it was not before the Court in that case. The government actually conceded that there was, you know, not an issue there. Let me ask you this. When we're outside of the reinstatement and reasonable fear proceedings, however you want to characterize them, when we're just in a regular. A full evidentiary hearing, Your Honor? Just a regular immigration proceeding. The right to counsel in those proceedings is based on a statute or regulation. Is that correct? It is different, yes, Your Honor. It's a full. Why is it different? Because this is an expedient. Why is that different than this? Because this is an expedient.  No, no, no, no. This is a. What I'm trying to get at is the basis for the right, does it cut across all these different proceedings? Well, Your Honor, this Court has made clear that this is not a full evidentiary hearing.   I'm asking you is the fundamental right, the right that we're dealing with here, does it cut across all the various kinds of immigration removal proceedings or whatever they may be? I mean, in the reasonable fear context, is there a specific statute that says you have a right to have counsel at these reasonable fear proceedings at no expense to the government? And, by the way, that's it. Is there a separate regulation or statute that says that? Yes, Your Honor. 1362 is the right to counsel requirement in these reasonable fear proceedings. But this Court defined what that right to counsel looks like in Zunka and as well as in Osovi-Lopez. And the Court is saying. . .  Oh, go ahead, Your Honor. I just want to make sure I understand. So you're saying the right to counsel does exist and does apply, but how it applies is different based on the context. Exactly, Your Honor. And the context here is we are, you know, you have 10 days to remove the. . . for the whole reasonable fear review proceeding to be conducted. And in this case, we were on day nine when the actual review hearing happened. And it's clear from his response he was ready to proceed. So I think this Court could find it was an involuntary waiver if you go that route. But, again, the government is saying you don't need to go that route. The problem is Todrus. I mean, whether. . . You know, Todrus seems to put a high bar on this, which is fine. It's a right to counsel. I mean, I agree with you. I read this, and I read it as saying he knew he had a right. He didn't invoke it. But Todrus seems to say you have to actually inform them. And I'm not sure that extra step was taken here. Well, Your Honor, in that case. . . And I would say, again, go back to Orozco v. Lopez because in that case there was two specific. . . I need to look at that. But that's a different argument. That argument is saying you actually don't have to do that Todrus step. I mean, that's. . . If that case says what it says, then you don't have to take the Todrus step. You only have to notify of a right. And that's interesting. And I could see why we would adopt that rule in these expedited proceedings. And, again, Todrus, that case, too, that you're talking about, Your Honor, that was a full evidentiary hearing case. Again. . . No, I understand. But that's the question is whether that standard gets applied here. And if it is applied here, I'm not sure that it was complied with technically. Could you just briefly address the category? Yes, Your Honor. Your Honors, this court concluded that he did not have a reasonable fear of torture by the government actor. And the record evidence does not compel the conclusion that more likely than not Petitioner would be tortured. So the immigration judge did not necessarily need to explicitly address the government acquiescence for cap protection. I think, Your Honors, when you look at the record here in the immigration judge hearing when he was before him, the conclusion of the hearing, it's clear that his credibility finding was dispositive of all of those things. So if you have any issue. . . Wait, so you think that the credibility finding was dispositive of the cat claim as well? It is, Your Honor. I didn't see you making that argument in your brief. Your Honor, I think. . . No, it was raised by both separate things. Substantial evidence was argued on the merits of the cat claim as well as substantial evidence in support of the adverse credibility. . . Substantial evidence, but the adverse credibility. . . I was interested in this issue because the adverse credibility finding technically only went to the, as I understood it, only went to the nexus prong from the IJ. No, Your Honor, there's case law in this court that it was basically dispositive of the withholding claim as well as the cat claim here. And I think the basis of his order in this case was clear. . . What case would you cite for that proposition? I can't think of it off one of hands, Your Honor, but I could 28J that for you. So. . . You don't put any stock in the. . . or you would just disregard the fact that the IJ made the. . . applied the wrong standard or described the standard in an inappropriate way? No, Your Honor, I don't think he needed to specifically address the government acquiescence. Again, this court has found that you don't have to address all the issues in the claim. Okay, but that's because this is, in your view, that's because this is an expedited proceeding. The context of the expedited proceeding, yes, Your Honor. I mean, look, it's a tough question for me because I do think. . . I mean, you would agree that the standard is legally. . . I mean, there's two points. Number one, you don't have to address it, but if you do address it, you can't be incorrect. And you would agree that the standard is technically incorrect, right? I think it is confusing, Your Honor, yes, what is put out there. But again, you don't just look at the IJ's order. You also look to the asylum officer's explanation. And I think there's enough there. . . Did the asylum officer talk about acquiescence? He kind of, yes, Your Honor, in his decision he did also mention that. But it also is clear from the asylum officer's decision that there was no harm here. . . to authorize the past torture here. So that's an alternative way that this Court could find. Because the only instance here was the one-time harm that he had in this case. And there was no evidence at all of government being involved in the harm. His testimony as well was that he wasn't sure, during the asylum interview, that the government was even working together with this group. And then looking again at the adverse credibility finding here, Your Honors, I mean, he was clearly inconsistent about the criminal group he feared. This was not a minor omission. He said two different groups. And in multiple times in the asylum officer's interview, he actually said the group, the Tohanas, 52, 53, 58. Additionally, the testimony was, when his explanation was that he didn't know if the, that the groups, during the testimony for the IJ, he said, oh, they work together. But that was, again, conflicted his previous testimony in his asylum office interview, 56. He also was inconsistent and lacked very little detail. I'm sorry, Your Honor. No, I was just going to point out you're over. I know we've taken you over. But I think. . . You may conclude. I mean, we're, yeah, if you want to sum up. Yes, Your Honor. Can I briefly conclude? Would that be okay? Okay. Yes, Your Honor. In summary, substantial evidence supports the immigration judge's conclusion that Petitioner did not establish a regional fear of persecution or torture. Petitioner's statutory right to counsel was not violated because he had an opportunity to retain counsel, and he failed to do so. And the other due process challenges are without merit. Therefore, we ask this Court to deny the petition for review. Thank you, Your Honors. We'll give you three minutes for rebuttal. Opposing counsel relies on Orozco Lopez v. Garland for the proposition that the statutory right to counsel is altered because this is a truncated proceeding, but that was not the holding by this Court in that case. That Court mentioned the time requirement of the 10 days, but it also explicitly says a noncitizen may waive the right to counsel during a reasonable fear interview, but the waiver must be knowing and voluntary. In order for it to be knowing and voluntary, the Orozco Lopez court cited Tawadros, which gives us the two steps of the specific inquiry and the affirmative response. And so regardless of the right being cabined by a time constraint, it is not altered in that the immigration court does not have the burden to elicit a knowing and voluntary waiver. They come from the same statute. It's the same statutory right in these proceedings as a full removal proceeding. I would like to address the credibility finding. Credibility findings are due deference when they're supported by the record. Substantial evidence does not support the immigration judge's determination that petitioner did not testify credibly. Why not, though? Because, I mean, he clearly relied on two different gangs. I mean, he gave an explanation, but the IJ did what he needed to do. He said, hey, you said this gang, you told the asylum officer that this gang was the problem, and now you're saying this other gang is the problem. Can you explain that? And he said, well, they work together. Correct. So I don't understand why that doesn't meet substantial evidence. The immigration judge viewed this as an inconsistency, but any – That's an inconsistency. He gave an explanation, and the immigration judge didn't credit that explanation, but it seems to me the immigration judge did exactly what he was supposed to do, which is recognize the inconsistency and gave him an opportunity to address it. If he hadn't have given him the opportunity to address it, that would have been a problem. But he didn't do that. I would disagree with the term inconsistency because petitioner – But that's your argument is this isn't an inconsistency at all. And omissions, which at worst, petitioner did not mention Trendel Ragwa during his interview. But during his – Where did that come from? Sorry? Where did that name come from? Trendel Ragwa? Yeah. How did it surface during the hearing? It's not transcribed or translated. The first mention is by the immigration judge. So we're not – There is no record as to why petitioner brought this up. But when asked by immigration judge, he explained Los Tokoyanos work together with these gangs. And so his fear of Tokoyanos is the source of his fear of Trendel Ragwa due to his belief that they work together. And how did the immigration judge respond to that explanation? He simply repeated that petitioner was changing the group that he fears during his hearing from the group that he feared during his interview. But review of the record reveals that that's not accurate. He feared both? He fears both. And so he omitted his fear of Trendel Ragwa during his interview. And omissions are not given the same significance, particularly when the applicant is not represented and does not speak English. I would also ask the court to consider the limited ability of the petitioner to testify and provide corroborating evidence. As part of the totality – Well, I think you better go to Congress with that one. I mean, it's tough. It's a 10-day proceeding. Just in reviewing the credibility determination, the first instance fact finder was the asylum officer. He had a very limited ability to testify before the immigration judge. Okay, I think we have both counsel's arguments. Very interesting case. Thank you for both of you for your help in helping us understand it. The case is now submitted, and that concludes our arguments for the day. Thank you very much. Thank you. I'll rise. This court for this session stands adjourned.
judges: PAEZ, NELSON, Lasnik